1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10
CARL ALONZO BROOKS,

11
               Petitioner,
CASE NO. 3:25-CV-5509-MJP-DWC

   v.
12
ORDER DECLINING TO DIRECT
RESPONDENT TO FILE AN ANSWER

INDERTERMINATE SENTENCE
13
REVIEW BOARD,

14
          Respondent.

15
     Petitioner Carl Alonzo Brooks, proceeding *pro se*, filed a Petition for Writ of Habeas

16
Corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. 4. Having reviewed the Petition, the Court

17
declines to order Respondent to file an answer as the Petition contains deficiencies that must be

18
corrected. The Court, however, provides Petitioner leave to file an amended pleading by July 25,

19
2025, to cure the deficiencies identified herein.

20
**I.    Discussion**

21
     Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a

22
preliminary review of a habeas petition. The Court should dismiss a habeas petition before the

23

24

ORDER DECLINING TO DIRECT RESPONDENT
TO FILE AN ANSWER - 1

1  respondent is ordered to file a response, if it "plainly appears from the petition and any attached

2  exhibits that the petitioner is not entitled to relief in the district court."

3          Petitioner, currently housed at the Coyote Ridge Corrections Center, alleges the

4  Indeterminate Sentencing Review Board ("ISRB") violated his constitutional rights. Dkt. 4. He

5  requests monetary damages and Court orders directing the state courts and the ISRB to take

6  specific actions. Dkt. 4.

7          First, under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name

8  as respondent the state officer who has custody." Additionally,

9          [t]he petition must: (1) specify all the grounds for relief available to the petitioner;
       (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed,
10      typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the
       petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

11
12 Rules Governing Section 2254 Cases Rule 2(c). The petition must "substantially follow" a form

   prescribed by the local district court or the form attached to the Rules Governing Section 2254
13
   Cases. *Id.* at Rule 2(d). Here, the Petition does not comply with the Rules Governing Section 2254
14
   Cases. Petitioner has failed to (1) name the state officer who has custody over Petitioner and (2)
15
   substantially follow a form prescribed by the Court.
16
17         Second, an "action lying at the core of habeas corpus is one that goes directly to the

18 constitutionality of the prisoner's physical confinement itself and seeks either immediate release

   from that confinement or the shortening of its duration. With regard to such actions, habeas
19
   corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475,
20
21 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method

   of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).
22
23         Here, Petitioner is requesting monetary damages, which is not relief that can be sought in

24 habeas. It is also unclear if Petitioner is seeking immediate release. Rather, Petitioner may be

ORDER DECLINING TO DIRECT RESPONDENT
TO FILE AN ANSWER - 2

1    alleging the ISRB's conduct violated his rights under 42 U.S.C. § 1983. The Court notes

2    Petitioner recently filed a § 1983 action challenging the ISRB's requirement that he participate in

3    a sex offender assessment and treatment program related to his 1978 conviction. *See Brooks v.*

4    *Ferguson*, Case No. 3:25-cv-5337-RAJ (W.D. Wash.) (*Brooks I*). In *Brooks I*, the Court

5    recommended Petitioner's application to proceed *in forma pauperis* be denied because Petitioner

6    has incurred at least three strikes under 42 U.S.C. § 1915(g). *See id*. at Dkt. 5. Petitioner

7    requested the Court stay *Brooks I* so he could attempt to raise the money necessary to pay the

8    filing fee and because this § 2254 is pending. *See id*. at Dkt. 6. Petitioner's filing of this § 2254

9    case and request to stay *Brooks I* while this case is pending is concerning to the Court. Petitioner

10    must ensure the claims alleged in the Petition are properly raised in a § 2254 petition and any

11    attempts to circumvent his civil case IFP restrictions and raise § 1983 claims in this § 2254

12    habeas Petition are not well-taken.

13        Finally, to the extent Petitioner is challenging his underlying conviction, the Petition

14    would be successive. *See Brooks v. Indeterminate Sentence Review Board*, 3:22-cv-5520-JCC

15    (W.D. Wash.). Before a petitioner is allowed to file a second or successive petition, he must

16    obtain an order from the Court of Appeals authorizing the district court to consider the petition.

17    28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United

18    States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th

19    Cir. 2008). Here, Petitioner has not adequately explained why the federal Petition is not

20    successive and has not provided evidence that he obtained an order from the Ninth Circuit Court

21    of Appeals authorizing this Court to consider the Petition. If the Petition is successive, the Court

22    lacks jurisdiction to hear this case.

23        For these reasons, the Court declines to direct the respondent to answer the Petition.

24

ORDER DECLINING TO DIRECT RESPONDENT
TO FILE AN ANSWER - 3

## II.    Instructions to Petitioner and Clerk

If Petitioner intends to pursue this habeas action, he must provide evidence that the Court has jurisdiction to hear this case. He must also file an amended petition on the form provided by the Court, including only claims challenging the fact or duration of his custody. He should file the amended petition on the § 2254 form provided by the Court.

The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Petition by reference. The amended petition will act as a complete substitute for the original Petition, and not as a supplement.

The Court notes the ISRB does not appear to be the proper respondent because it is not the custodian of the Coyote Ridge Corrections Center. *See* 28 U.S.C. § 2242 (proper respondent to a habeas petition is the "person who has custody over" the petitioner). If Petitioner files an amended petition, he must name the proper respondent.

If Petitioner fails to adequately address the issues raised herein and file an amended petition on or before August 1, 2025, the undersigned may recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this Order to Petitioner.

Dated this 2nd day of July, 2025.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO DIRECT RESPONDENT
TO FILE AN ANSWER - 4