UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL ALONZO BROOKS

                    Petitioner,

        v.

JEFFERY PERKINS,

                    Respondent.

CASE NO. 3:25-cv-05509

ORDER ADOPTING REPORT AND
RECOMMENDATION AND OVERRULING
OBJECTIONS

On December 3, 2025, U.S. Magistrate Judge David Christel issued a Report and Recommendation ("R&R") recommending that the Court deny Petitioner Carl Alonzo Brooks's Petition for Writ of Habeas Corpus and his request for an evidentiary hearing. Dkt. No. 23. Brooks's timely objections to the R&R come before the Court. Dkt. No. 24. For the reasons below, the Court OVERRULES the objections and ADOPTS the R&R.

Federal Rule of Civil Procedure 72 allows a party to file written objections to a R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 1

resulting order need not address each objection specifically. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections.").

First, Brooks argues that the R&R does not show that his Personal Restraint Petition ("PRP 2"), filed on June 26, 2023, was untimely. The R&R acknowledges that the PRP 2 was timely filed in state court under the two-years statute of limitations in RCW 4.16.130. But a timely filed PRP does not change the fact that Brooks's habeas petition was untimely. By the time Brooks filed the PRP 2, the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) had already expired. *See* 28 U.S.C. § 2244(d)(1). Brooks's PRP 2 could not toll the AEDPA limitations period, and Brooks is not entitled to equitable tolling. Accordingly, the Court overrules Brooks's objection.

Second, Brooks argues that the Intermediate Sentencing Review Board ("ISRB") decision did not account for the arguments he made in the PRP 2 about why his sentence violated the ex post facto clause. Federal habeas review of parole proceedings is limited to whether the prisoner received procedural protections, including the opportunity to be heard and a statement of the reasons why parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 221 (2011). Brooks does not argue that he was denied procedural protections. His disagreement with how the ISRB weighed his substantive arguments does not constitute a federal habeas claim. Accordingly, the Court overrules Brooks's objection.

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS - 2

Third, Brooks argues that an evidentiary hearing is necessary so that he can prove the ISRB perjured itself when it allegedly lied about Brooks's refusal to meet with a psychologist. Whether to hold an evidentiary hearing is within a district court's discretion, and the court need not hold one if the petitioner's allegations would not entitle him to relief under 28 U.S.C. § 2254(d). *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.")). Because the petition could be resolved on the existing record, no evidentiary hearing was required. Accordingly, the Court overrules Brooks's objection.

Finally, Brooks makes sweeping arguments that the magistrate judge was motivated by racism in his handling of Brooks's petition. Without any supporting facts, Brooks's accuses the magistrate judge of having a "Jim Crow idealist perspective" and "practice[ing] Jim Crow ideals." There is no evidence to show that the magistrate judge harbored any bias or prejudice towards Brooks.

Accordingly, after considering Brooks's objections de novo, the Court ADOPTS the Report and Recommendation. Dkt. No. 23.

Dated this 30th day of January, 2026.

Jamal N. Whitehead
United States District Judge